IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY JOE JONES<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO: 4:24-cv-04679 |
| SPARROWS OFFSHORE, LLC &<br>MC OFFSHORE PETROLEUM, LLC<br>*Defendants* | §<br>§<br>§ | |

### DEFENDANT SPARROWS OFFSHORE, LLC'S MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................ii

I.  SUMMARY OF MOTION ................................................................................................ 1

II. STATEMENT OF THE ISSUES....................................................................................... 1

III. STANDARD FOR GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS .............................................................................................................................. 2

IV. NATURE AND STAGE OF PROCEEDINGS ................................................................ 4

V.  FACTUAL AND PROCEDURAL BACKGROUND ..................................................... 4

VI. ARGUMENT ...................................................................................................................... 6

    A.  Pursuant to the OCSLA, Louisiana law applies to this dispute. ............................................................................................................ 6

    B.  Sparrows did not owe Plaintiff a duty to keep the premises safe as it was not the owner of the floating oil and gas platform. ................................................................................................................. 6

    C.  Sparrows, a fellow independent contractor, did not breach any duty owed to Plaintiff. .................................................................... 8

    D.  Sparrows did not cause or contribute to Plaintiff's alleged injuries. ........................................................................................................... 11

VII. CONCLUSION ................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allemond v. Talos QN Expl. LLC*,
   No. CV H-24-2560, 2025 WL 3251438 (S.D. Tex. Nov. 21, 2025)
   (Lake, J.) (attached hereto as Exhibit 4) .................................................................... 7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505 (1986) ........................................................................... 2

*Bonin v. Ferrellgas, Inc.*,
   2003-3024 (La. 7/2/04);
   877 So.2d 89, 94 (attached hereto as Exhibit 10) ...................................................... 11

*Brown v. City of Houston, Tex.*,
   337 F.3d 539 (5th Cir. 2003) ........................................................................................ 2

*Campbell v. Helmerich & Payne, Inc.*,
   763 F.Supp.3d 748 (M.D. La.2025) ............................................................................. 9

*Celotex Corp. v. Catrett*,
   477 U.S. 317; 106 S. Ct. 2548 (1986) .......................................................................... 2

*Coleman v. BP Expl. & Prod. Inc.*,
   19 F.4th 720 (5th Cir. 2021) .................................................................................... 2, 6

*Coleman v. BP Expl. & Prod. Inc.*,
   No. 3:19-CV-102, 2020 WL 6292491 (S.D. Tex. Oct. 27, 2020) ................................ 6

*Dauzat v. Curnest Guillot Logging Inc.*,
   2008-0528 (La. 12/2/08); 995 So.2d 1184
   (attached hereto as Exhibit 9) .................................................................................... 11

*Fornah v. Schlumberger Tech. Corp.*,
   737 Fed. Appx. 677 (5th Cir. 2018)
   (attached hereto as Exhibit 6) ...................................................................................... 9

*Fruge ex rel. Fruge v. Parker Drilling Co.*,
   337 F.3d 558 (5th Cir. 2003) ........................................................................................ 7

*George v. Nabors Offshore Corp.*, 464 Fed. Appx. 298 (5th Cir. 2012)
   (attached hereto as Exhibit 8) .................................................................................... 11

*Lafont v. Chevron, U.S.A., Inc.*, 593 So.2d 416 (La. Ct. App.1991)
   (attached hereto as Exhibit 2) ............................................................................ 3, 8, 12

*McCarroll v. Wood Group Mgmt. Services, Inc.*,
   561 Fed. Appx. 407 (5th Cir. 2014)
   (attached hereto as Exhibit 1) .................................................................................. 3, 8

*Mixon v. Anadarko Petroleum Corp.*, No. CIV.A. 07-1063, 2010 WL
   2710370 (W.D. La. July 6, 2010)
   (attached hereto as Exhibit 7) ..................................................................................... 10

*Pitre v. Aries Marine Corp.*, No. CV 15-1654, 2016 WL 952251
   (E.D. La. Mar. 14, 2016)
   (attached hereto as Exhibit 5) ....................................................................................... 7

*Trent v. Wade*,
   776 F.3d 368 (5th Cir. 2015) .......................................................................................... 2

*W & T Offshore Inc. v. Meyers*,
   577 S.W.3d 247 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ............... 3, 6, 7

**Statutes**

Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 *et seq.*................................... 1, 6

**Other Authorities**

Fed. R. Civ. P. 56 ............................................................................................................... 1

Fed. R. Civ. P. 56(a) .......................................................................................................... 2

Defendant Sparrows Offshore, LLC ("Sparrows") files this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and would show the Court as follows:

## I.
## SUMMARY OF MOTION

1.  Sparrows is entitled to summary judgment as there is no genuine dispute of material fact that Sparrows did not owe a duty to, breach a duty to, or act in a way that caused the incident at issue and Plaintiff, Billy Joe Jones' ("Plaintiff") claimed injuries. Sparrows cannot be liable to Plaintiff under a premises liability theory of negligence because it did not own the premises where Plaintiff was allegedly injured. Sparrows did not breach any duty owed to Plaintiff as fellow independent contractors engaged in working on the same worksite. There is similarly no evidence that Sparrows undertook any action to cause Plaintiff's injuries. The evidence in the summary judgment record shows that Plaintiff's allegations are mere unsubstantiated assertions that cannot defeat a motion for summary judgment.

## II.
## STATEMENT OF THE ISSUES

**Issue 1:**   Whether under Louisiana law, applicable pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 *et seq.* ("OCSLA"), Sparrows owed Plaintiff a duty as it was not the owner of the premises where Plaintiff alleges he was injured.

**Issue 2**:   Whether under Louisiana law, applicable pursuant to OCSLA, Sparrows breached a duty owed to Plaintiff as a fellow independent contractor.

**Issue 3**:   Whether under Louisiana law, applicable pursuant to OSCLA, Sparrows caused Plaintiff's claimed injuries.

## III.
## STANDARD FOR GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS

2. "Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). A defendant satisfies this burden by demonstrating "a complete failure of proof" on an "essential element" of a plaintiff's case. *Coleman v. BP Expl. & Prod., Inc.*, 19 F.4th 720, 726 (5th Cir. 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S.Ct. 2548, 2552 (1986)). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548, 2552 (1986).

3. "A 'genuine' fact dispute exists only if a reasonable jury could return a verdict for [plaintiff] based on the evidence." *Coleman*, 19 F.4th at 726 (5th Cir. 2021) (citation omitted). To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251; 106 S.Ct. 2505, 2512 (1986). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment" *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (citations omitted).

4. In general negligence cases, Louisiana courts look to five elements to determine whether:

> (1) the defendant owed the plaintiff a duty under the specific circumstances of the particular case; (2) the defendant breached the duty which he or she owed the plaintiff; (3) the delictual conduct was the cause-in-fact of the damage or

>   injury; (4) the risk and resulting harm stood within the scope of protection of the defendant's duty; and (5) the plaintiff showed actual damage.

*W & T Offshore Inc. v. Meyers*, 577 S.W.3d 247, 257 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (applying Louisiana law) (citations omitted). Courts applying Louisiana law have found that Louisiana jurisprudence distinguishes between general negligence and premises liability causes of action, each with respective, separate elements. *Id.* at 260. A plaintiff alleging premises liability must prove the following six elements:

>   (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the ruin or defect created an unreasonable risk of harm; (4) the damage could have been prevented by the exercise of reasonable care; (5) the defendant failed to exercise such reasonable; and (6) causation.

*Id.* at 257-58.

     5.    Regarding claims of negligence by one independent contractor against a fellow independent contractor, under Louisiana law, "[o]ne independent contractor owes another independent contract at least 'the duty to refrain from gross, willful or wanton negligence, and at the most the duty to refrain from creating an unreasonable risk of harm or a hazardous condition.'" *McCarroll v. Wood Group Mgmt. Services, Inc.*, 561 Fed. Appx. 407, 410 (5th Cir. 2014) (quoting *Lafont v. Chevron, U.S.A., Inc.*, 593 So.2d 416, 420 (La. Ct. App.1991)) (attached hereto as Exhibits 1 and 2).

     6.    Under general negligence and premises liability principles upheld by Louisiana courts, Sparrows did not owe Plaintiff a duty, did not breach a duty owed to Plaintiff, and did not cause Plaintiff's alleged injuries. All of Plaintiff's claims against Sparrows should be dismissed.

## IV.
## NATURE AND STAGE OF PROCEEDINGS

7. Plaintiff originally filed suit in Texas state court on November 5, 2024 in the 61st Judicial District of Harris County. Defendant Sparrows and MC Offshore Petroleum, LLC ("MCOP") jointly removed to this court on November 26, 2024. ECF Doc. 1.

8. The dispositive motion deadline is April 10, 2026. ECF Doc. 18. Sparrows moves for summary judgment on all of Plaintiff's causes of action.

## V.
## FACTUAL AND PROCEDURAL BACKGROUND

9. This case arises out of an August 9, 2024 accident that occurred during an operation for setting a bridge plug on a well located on the outer continental shelf adjacent to Louisiana. Plaintiff was an employee of Crescent Energy Services ("Crescent"). Plaintiff and his fellow Crescent employees (George Peoples, Anthony Blake Sonnier, and Jarred Henry (as supervisor)) were lifting a bridge plug to be lowered into a wellhead. *See* Exhibit B, Dep. of Jarred Henry, 71:18-72:2. Also present was a crane operator employed by Sparrows.

10. To lift the bridge plug, the plug must be connected to a setting sleeve. *Id*. at p. 49:11-16. Once connected, the bridge plug is lifted off the deck by the e-line. *Id*. at 71:13-17. During the process of making up the bridge plug and lifting it off the deck, the crane is stationary. *Id*. at 70:24-71:10. During the operation, the plug allegedly fell on Plaintiff's hand.

11. Among other things, Plaintiff alleges that Sparrows was negligent for: 1) failing to properly provide a safe workplace; 2) failing to follow proper protocol; 3) failing to appropriately and safely manage heavy equipment; 4) failing to appropriately and

Page 4

safely operate a crane; 5) failing to stable the plug on deck level before instructing work to be completed on the suspended equipment; 6) failing to supervise work; 7) failing to prevent cross threading; 8) failing to conduct a proper Job Safety Analysis "JSA"; 9) failing to provide safety equipment; 10) failing to institute precautionary measures to protect individuals working on the premises and work site; 11) failing to properly and safely supervise; 12) failing to create and/or enforce necessary policies and procedures at the facility; 13) failing to ensure equipment was safe for intended use; 14) failing to properly and timely fix any job hazards; 15) failing to warn of hazards; and 16) failing to maintain a safe work environment for individuals at the work site. *See* ECF Doc. 1, Exhibit A, Pl.'s Original Pet. and Jury Demand, p. 4-5.

12. Specifically, Plaintiff alleges that the Sparrows' crane operator was the "PIC" or "person-in-charge" on the date of the incident. Plaintiff claims that the Sparrows crane operator failed to lower the bridge plug to the deck before instructing others to re-thread it and directed the crew to work on the plug while it was still suspended from the crane. *Id.*, p. 2. Plaintiff alleges that Sparrows' conduct caused the bridge plug to become cross-threaded. *Id.* Plaintiff further alleges that Sparrows' conduct failed to protect him, which led to his injuries. *Id.* p. 2-3. As will be demonstrated below, there is no genuine dispute of material fact that 1) Sparrows did not have a duty to provide a safe workplace to Plaintiff because it did not own the premises at issue, 2) Sparrows did not breach a duty owed to its fellow independent contractor because the crane operator did not supervise Plaintiff or cause the bridge plug to become cross-threaded, and 3) Sparrows' crane operator did not cause Plaintiff's alleged injuries.

# VI.
# ARGUMENT

**A.     Pursuant to the OCSLA, Louisiana law applies to this dispute.**

13.    As alleged in his petition and admitted in his deposition, the incident in question occurred on a floating oil and gas platform, located off the coast of Louisiana. Specifically, the oil and gas platform was located on the Louisiana Outer Continental Shelf in Green Canyon Block 184. ("G.C. 184"). *See* Exhibit A, Dep. of Billy Joe Jones, 188:23-25.

14.    Defendants Sparrows and MCOP previously presented arguments and authorities in support of OSCLA's applicability to this cause of action in their Joint Notice of Removal. ECF Doc. 1. The arguments and authorities referenced there are incorporated herein.

15.    Because Plaintiff's alleged injuries occurred on an oil and gas platform on the Outer Continental Shelf adjacent to Louisiana, Louisiana state law applies to this dispute, unless Louisiana law conflicts with federal law. *Coleman v. BP Expl. & Prod. Inc.*, No. 3:19-CV-102, 2020 WL 6292491, at *2 (S.D. Tex. Oct. 27, 2020), *aff'd*, 19 F.4th 720 (5th Cir. 2021) (attached hereto as Exhibit 3). The Fifth Circuit has confirmed that Louisiana negligence law is not inconsistent with federal law. *Coleman v. BP Expl. & Prod., Inc.*, 19 F.4th 720, 727 (5th Cir. 2021). Thus, this dispute is governed by Louisiana state law.

**B.     Sparrows did not owe Plaintiff a duty to keep the premises safe as it was not the owner of the floating oil and gas platform.**

16.    As previously discussed, Louisiana law distinguishes between general and premises liability theories of negligence. See *W & T Offshore Inc. v. Meyers*, 577 S.W.3d

at 260; *Allemond v. Talos QN Expl. LLC*, No. CV H-24-2560, 2025 WL 3251438, at *5 (S.D. Tex. Nov. 21, 2025) (Lake, J.) (attached hereto as Exhibit 4); *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 565 (5th Cir. 2003).

17. Here, Plaintiff alleges that Sparrows should be liable for negligence under a premises liability theory. Among other things, Plaintiff asserts that Sparrows 1) failed to provide a safe workplace, 2) failed to ensure equipment was safe for intended use, 3) failed to properly and timely fix job hazards, 4) failed to warn of hazards, and 5) failed to maintain a safe working environment. Pl.'s Original Pet. and Jury Demand, p. 4-5. Courts applying Louisiana law have held those claims present "a clear example of a premises-liability theory." *W & T Offshore Inc.*, at 260 ("Meyers pleaded that W & T failed to warn Meyers of hidden danger aboard the platform, failed to maintain a safe work environment, and failed to inspect, maintain, and repair equipment…This case presents a clear example of a premises-liability theory.").

18. However, Plaintiff overlooks that to be liable under a premises-liability theory of negligence, the defendant must own or operate the platform on which he was injured. See *Allemond v. Talos QN Expl. LLC*, No. CV H-24-2560, 2025 WL 3251438, at *8 (Ex. 4); *Pitre v. Aries Marine Corp.*, No. CV 15-1654, 2016 WL 952251, at *4 (E.D. La. Mar. 14, 2016) (attached hereto as Exhibit 5). Plaintiff has put forward no evidence that Sparrows owned or operated the platform. In fact, Plaintiff alleges in his petition that defendant MCOP owned and operated the platform. Pl.'s Original Pet. and Jury Demand, p. 1. Further, the deposition testimony from Plaintiff Jones, Henry, and Sonnier confirm that Sparrows was not the platform owner. *See* Ex. A, 36:15-21; Ex. B, 79:18-19; Exhibit C, Dep. of Anthony Blake Sonnier, 112:21-24. Because Sparrows did not own the

platform where Plaintiff was allegedly injured, Plaintiff's claims of negligence under a premises liability theory against Sparrows fail.

### C. Sparrows, a fellow independent contractor, did not breach any duty owed to Plaintiff.

19. To the extent Plaintiff alleges causes of action not based on premises liability, Sparrows did not breach any duty owed to Plaintiff as fellow independent contractors. Courts applying Louisiana law uniformly define the duty owed by one independent contractor to another independent contractor on the same work site as: "at least 'the duty to refrain from gross, willful or wanton negligence, and at the most the duty to refrain from creating an unreasonable risk of harm or a hazardous condition.'" *McCarroll v. Wood Group Mgmt. Services, Inc.*, 561 Fed. Appx. 407, 410 (5th Cir. 2014) (quoting *Lafont v. Chevron, U.S.A. Inc.*, 593 So.2d 416, 420 (La. Ct. App. 1991)) (Exs. 1 and 2).

20. First, there is no genuine dispute of material fact that the Sparrows crane operator was not operating in a negligent manner on the day in question, let alone in a gross, willful, or wanton negligent manner. Plaintiff testified that the crane operator did not cross thread the plug. Rather, it was either Plaintiff's fellow Crescent workers or an Allied employee who cross-threaded the plug. Ex. A, at 105:1-5; 203:23-204:2. In fact, the Crescent and Allied employees knew the plug was cross-threaded and nevertheless Plaintiff said that the plug should be picked up and Plaintiff's co-worker gave instructions to pick up the plug. *Id*. at 111:4-19   No one gave any instructions to the crane operator from the time the plug was picked up until the plug fell. *Id*. at 112:1-23.

21. Anthony Blake Sonnier, the E-line operator, confirmed that the crane

operator was not doing his job dangerously on the day in question. *See* Ex. C, 41:6-16. Mr. Henry confirmed in his deposition that he did not talk to the crane operator about performing his work in a dangerous manner, nor did he hear from anyone present that day that the crane operator had anything to do with the incident involving Plaintiff. *See* Ex. B, 59:9-25; 60:9-13; 69:22-70:17.

22. Similarly, there is not a genuine dispute of material fact about whether the Sparrows crane operator was supervising or giving the Plaintiff instructions on the day in question. Louisiana Federal courts applying Louisiana law have repeatedly found that "one independent contractor owed no duty to another independent contractor's employee where it does not employ, share a contract, or actually supervise the plaintiff." *Campbell v. Helmerich & Payne, Inc.*, 763 F.Supp.3d 748, 755–56 (M.D. La.2025) (citations omitted). There is no evidence that Sparrows employed Plaintiff or shared a contract with him. *See* Ex. A, 36:15-21; Ex. C, 112:21-24. Additionally, the Sparrows crane operator was not the PIC on the day of the incident. *See* Ex. C, 18:2-5. The evidence uniformly demonstrates that the Sparrows crane operator was following the instructions of Crescent employees on the day of Plaintiff's alleged injuries. *See* Ex. B, 89:4-7; Ex. C, 30:17-23; 80:2-11; Exhibit D, Dep. of George Peoples, 42:15-23; 64:15-23. Indeed, Plaintiff testified several times throughout his deposition that Larry McGee, Crescent pump operator, was instructing the Sparrows crane operator through the bridge plug assembly on the day in question. Ex. A, 91:11-14, 107:1-5, 111:17-19, 123:4-11. Plaintiff also concedes that McGee instructed him to put his hand under the bridge plug, which ultimately led to his claimed injuries. *Id.* at 180:17-181:2.

23. The Fifth Circuit in *Fornah v. Schlumberger Tech. Corp.*, 737 Fed. Appx.

677, 681 (5th Cir. 2018) (attached hereto as Exhibit 6) affirmed a finding that a fellow independent contractor did not supervise the employee of another independent contractor where the plaintiff conceded in his deposition that the defendant did not direct him to handle the instrumentality that later caused his claimed injuries. Plaintiff here also concedes that McGee instructed him to put his hand under the bridge plug, which ultimately led to his claimed injuries. Ex. A. at 180:17-181:2.

24. Moreover, under Louisiana law, an independent contractor who has knowledge of a hazardous condition, but no ability to control its existence, has no duty to eliminate that hazard. *See Mixon v. Anadarko Petroleum Corp.*, No. CIV.A. 07-1063, 2010 WL 2710370 at *4 (W.D. La. July 6, 2010) (attached hereto as Exhibit 7). It is undisputed here that the Sparrows crane operator 1) did not cause the bridge plug to become cross threaded, and 2) was ***not even aware*** of the alleged hazardous condition of the cross-threaded bridge plug. Plaintiff admitted in his deposition that the conduct of the Crescent employees caused the bridge plug to become cross threaded. Ex. A, 203:23-204:2.

25. Additionally, Messrs. Henry, Sonnier, and Peoples, Crescent employees, all testified in their depositions that the crane operator was not aware of the bridge plug's cross-threaded condition. *See* Ex. B, 83:8-16; 91:12-14, Ex. C, 81:14-22; 125:1-126:6; Ex. D, 64:1-7, 50:23-51:3. Mr. Henry also confirmed that it would not have been the crane operator's responsibility to fix the cross-threading of the bridge plug. Ex. B, 94:16-23. Because the crane operator did not create nor know of the bridge plug's alleged hazardous condition, and similarly had no ability to control its existence, it did not breach a duty to Plaintiff by failing to eliminate the hazard.

26. Further, a condition is not hazardous or unreasonably dangerous if the

condition is obvious to all. *See George v. Nabors Offshore Corp.*, 464 Fed. Appx. 298, 300 (5th Cir. 2012) (citing *Dauzat v. Curnest Guillot Logging Inc.*, 2008-0528 (La. 12/2/08); 995 So.2d 1184, 1186)) (attached hereto as Exhibits 8 and 9). There is no genuine dispute of material fact that the bridge plug's cross-threaded condition was plainly obvious to Plaintiff. He testified in his deposition that "everyone knew" that the bridge being cross threaded was dangerous. Ex. A, 106:14-22. He also confirmed his ability to tell if a bridge plug was made up correctly by sight. *Id.*, 235:16-19. Any allegation by Plaintiff that Sparrows breached a duty to him by creating a hazardous condition fails.

### D. Sparrows did not cause or contribute to Plaintiff's alleged injuries.

27. The Louisiana Supreme Court detailed the elements to prove causation in a negligence cause of action in *Bonin v. Ferrellgas, Inc.*, 2003-3024 (La. 7/2/04); 877 So.2d 89, 94 (attached hereto as Exhibit 10). Cause in fact is a "but for" inquiry, which inquires "whether the accident would or would not have occurred but for the defendant's substandard conduct." *Id.* (citation omitted). "However, where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident." *Id.* When applying the substantial factor test, the Louisiana Supreme Court has held that "cause-in-fact clearly exists when the plaintiff's harm would not have occurred absent the specific defendant's conduct." *Id.* (citations omitted).

28. In the context of a negligence action between fellow independent contractors, the Louisiana First Circuit Court of Appeal found there was no causation to sustain a negligence cause of action where another contractor, not the defendant, created the hazardous condition and instructed its contractors to encounter the hazardous

condition. *Lafont v. Chevron, U.S.A., Inc.*, 593 So.2d 416, 420 (La. Ct. App.1991) (Ex. 2).

29. There is no evidence to indicate that Sparrows caused Plaintiff's alleged injuries. The deposition testimony of Henry and Sonnier confirms that the crane was not and would not have lifted the bridge plug up or down during the operation. Ex. B, 70:18-71:17, 72:3-17, 95:9-20; Ex. C, 43:2-17; 52:8-15; 90:14-91:4; 137:16-24; 138:8-23. Plaintiff agreed in his deposition that Crescent, not Sparrows, was responsible for lowering the bridge plug into the well. Ex. A, 101:3-23. Henry, Sonnier, and Peoples all stated in their depositions that the crane operator played no role in the incident at issue here. Ex. B, 82:14-22, 104:12-19; Ex. C, 92:4-16; Ex. D, 51:11-14. Further, Sonnier testified that Plaintiff caused the bridge plug to fall by turning it as it was suspended in the air. Ex. C, 65:3-66:2, 147:25-148:4, 149:3-6.

30. As the Sparrows crane operator was not engaged in any affirmative action at the time of Plaintiff's alleged incident, its conduct could not have caused Plaintiff's claimed injuries. Plaintiff cannot prove that this incident would have occurred but for Sparrows' alleged substandard conduct. Rather, there is no evidence that Sparrows was engaged in any conduct, substandard or otherwise, at the time the bridge plug allegedly fell onto his hand.

## VII.
## CONCLUSION

31. As set forth above, Sparrows would show that there is no genuine dispute of material fact that Sparrows did not owe a duty to Plaintiff as the property owner or operator of the platform at issue, did not breach a duty owed to Plaintiff as a fellow independent contractor, nor engaged in any conduct that contributed to Plaintiff's alleged

injuries. Plaintiff's unsupported assertions otherwise cannot defeat a Motion for Summary Judgment.

WHEREFORE, Sparrows Offshore, LLC respectfully requests that the Court grant this Motion for Summary Judgment, and dismiss all claims against Sparrows Offshore, LLC, and all other relief, general or special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ John K. Spiller*
**JOHN K. SPILLER**
Texas Bar No. 18937000
jspiller@clarkhill.com
BIJAN R. SIAHATGAR
Texas Bar No. 18336200
bsiahatgar@clarkhill.com
CLARK HILL PLC
1000 Louisiana, Suite 2800
Houston, Texas 77002
(713) 951-5600
(713) 951-5660 (facsimile)

**ATTORNEY FOR DEFENDANT SPARROWS OFFSHORE, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 3rd day of March, 2026, a true and correct copy of the foregoing was forwarded to all known counsel pursuant to Federal Rule of Civil Procedure 5.

*/s/ John K. Spiller*
**JOHN K. SPILLER**