United States District Court
Southern District of Texas
**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BILLY JOE JONES,                        §
                                        §
              Plaintiff,                §
                                        §
v.                                      §          CIVIL ACTION NO. H-24-4679
                                        §
SPARROWS OFFSHORE, LLC and              §
MC OFFSHORE PETROLEUM, LLC,             §
                                        §
              Defendants.               §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Billy Joe Jones' Motion for New Trial and to Alter or Amend the Judgment (Docket Entry No. 37).

Federal Rule of Civil Procedure 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). "A manifest error of law or fact must be one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Walker v. HongHua America, LLC, Civ. Action No. 4:12-cv-00134, 2012 WL 1898892, at *1 (S.D. Tex. May 23, 2012) (internal quotation marks omitted). The Fifth Circuit has explained that Rule 59 reconsideration "is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir.

2004).    As such, to prevail on a Rule 59(e) motion for reconsideration, a movant must show:  "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).  A Rule 59(e) motion "'calls into question the correctness of a judgment,'" it is not "the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  Templet, 367 F.3d at 478-79 (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).

Plaintiff's arguments were raised and rejected in the court's Memorandum Opinion and Order (Docket Entry No. 35).  His pending motion falls far short of satisfying the requirement for relief under Rule 59(e).  The reasons for which Plaintiff seeks reconsideration neither argue nor show a manifest error of law or fact, an intervening change in controlling law, or the availability of new evidence not previously available.  See In re Benjamin Moore & Co., 318 F.3d at 629.

Accordingly, Plaintiff's Motion for New Trial and to Alter or Amend the Judgment (Docket Entry No. 37) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 9th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-2-